19 9 5 5 0 May it please the court. Council. My name is Hans Meyer. Co-counsel is Joshua Mitzen. We have the privilege of representing petitioner Everett Johnson. I'd like to reserve four minutes for rebuttal. Mr. Johnson became a lawful permanent resident 43 years ago in 1977, two months after the end of the Ford administration. He was deported based on a conviction for possession of a controlled substance. This is an immigration case dealing with the categorical approach as outlined by the United States Supreme Court case in Math as of the United States. In particular the means versus elements test. There's really only one issue in this case. Under the Colorado possession statute at 3.5 does the statutory term a controlled substance is that an element of the offense such that the proof of a particular controlled substance in a prosecution is simply a means to satisfy that element. We believe the answer is yes. Mathis provides courts with an instruction to look to authoritative cases or excuse me authoritative sources of state law to answer that question. The statute, the penalty range, the statutory structure, a definitive decision by state court clearly holding forth on the elements and other definitive sources of state law and only in situations where those sources don't definitively answer the question should a court peak to the underlying record of conviction. But that peak itself is only meant to clarify whether or not the particular alternative is an element and where there is confusion where there is not certainty Mathis requires that the statute be found indivisible. We think this text of the statute answers this question. Subsection one of the statute outlines the statutory elements of the substance of crime. That prescribes as an element the term a controlled substance. Subsection two outlines two subsections that create different penalty provisions but those penalty provisions are tied directly to schedule. So the statute speaks very clearly in plain terms that the substantive element is a controlled substance and the substantive modifier to comply with Apprendi is related to a schedule. And in Arellano a panel of this court unequivocally ruled we find that substance is not an element of this offense. The court found that the plain language clearly spoke and demonstrated that the statute is divisible only as to the schedule not to any sort of specific substance that may form the factual or predicate basis. In Arellano the panel was discussing 1818 405 right? Yes your honor it was it was discussing the but it was discussing the possession statute because the offense of possession. The predecessor before the schedule was reassigned. And they point to an illustrative example that it doesn't matter what the underlying particular controlled substance is. It could be cocaine it could be morphine. As long as it's a controlled substance that meets a substantive element test under the statute. The statute speaks clearly and as long as that is a schedule that subjects the person to the Apprendi sentence modifier for the felony. And Arellano found that dispositive because the text of the statute speaks very very plainly to that. This is a clear statutory text issue. As a practical matter isn't the prosecution always going to have to prove what drug it is? I don't believe so your honor. I mean have you are you aware of a case where the closing argument was it may be cocaine or it might be methamphetamine? We don't know for sure but we know it's one of them. You should convict the person and send them to jail. I'm not aware of an argument about that at close. However there are two records of conviction submitted in the record that relate to pleas that are entered without articulating an underlying controlled substance. One is for a use plea and one is for possession with intent. So at least the courts in those cases accepted those pleas. They found that it was sufficient to demonstrate that it was a schedule one or schedule two controlled substance. And I'll give you an example maybe another example to demonstrate this. That is a really good question but let's use the possession plea or the use plea. If jury unanimity was required then if you had a conflict in evidence where 11 people were persuaded beyond a reasonable doubt it was pethadine A which is a specific controlled substance and one juror thought it was maybe pethadine B because the the test came back or the expert wasn't clear or maybe the testimony of the witnesses were demonstrating that there was confusion between which specific controlled substance. The jury agrees it's a controlled substance but they would return a verdict of not guilty. That's where this the government's argument breaks down. For a possession offense this is where this drives back to the statutory the clear text that was passed by the Colorado legislature a controlled substance. I think the the illustration goes further so 403.5 governs possession 404 governs use and use in the larger statutory scheme uses the exact same statutory element a controlled substance and if you look at the jury instructions on 403.5 the jury model jury instructions yes your honor the model jury instructions they directly mirror I believe it's 18-1 directly mirrors that the essential element is a controlled substance only after a jury makes that determination does the jury receive an interrogatory under 1802 which says is it a schedule one or two controlled substances it doesn't ask which controlled substance in schedule one or two that's dispositive as it relates to what the jury is required to find certainly prosecutors as a matter of practice often charge a particular controlled substance but that is of course under Mathis not required for a conviction because it's not the model jury instructions have an instruction or a note requiring interlegiation to identify the substance they do there's an instruction to define controlled substance and it instructs the court to to cater that to the facts of the case so how do you how do you reconcile that with your argument there will be certain so two answers your honor the first is that Mathis isn't concerned with the facts of the case and the jury instruction says cater it to the facts of the case so the jury instruction could elect for example if I wanted to secure a conviction as a prosecutor and I wasn't sure if it was methamphetamine or amphetamine I could elect and secure a conviction but under the government's interpretation the defendant would be not guilty the second explanation is because in that situation and in the larger statutory framework as you move into apprendi sentencing modifiers there are certain situations where interrogatories after finding guilt in a substantive offense of a controlled substance will require a jury to come to unanimity about a particular controlled substance but that's in cases such as special offender under 1818 407 that's 8 to 32 years and under apprendi that makes sense that that's an additional element to prove but even under that structure which would be 1818 405 the statute outlines under subsection 1a this is the possession with intent or the distribution statute but this aligns because all these statutes were passed at the same time they were all passed post apprendi and they all sort of harmonized with one another in the statutory structure so for example under 1818 405 the jury must first return a verdict is it a controlled substance if yes conviction if not no conviction that allows a jury to return a guilty verdict based on a certain level of information that is instruction I believe it's excuse me if I may 1818 405 excuse me 1818 5 and then people v Whitaker v people the Colorado Supreme Court stated that that section 1a defines the offense and the other provisions two three five six set up the punishment levels the apprendi punishment levels the Whitaker versus people couldn't be just clear or dispositive since it was interpreting 1818 405 right I do agree but I think this is a larger the larger statutory framework right and that is that in order to secure convictions you have to initially prove a controlled substance but Whitaker goes further and says the statutory structure of 1818 405 which at that time contained possession demonstrates the General Assembly's intent to separate sentencing factors such as drug type and quantity from the elements of the crime and you'll see that in the instructions the way that the law works in the statute so if you're found guilty of possession with intent to distribute a controlled substance you're guilty of one level of crime the next interrogatory only if you doesn't meet a quantity but it's only a quantity of a schedule one or two controlled substance and that's instruction 18 6 and once you answer that you would answer a third interrogatory for even a heightened sentence under apprendi does that now is that a conviction for heroin or methamphetamine or a particular finite list of controlled substances so under the statute are you talking about i just want to make sure i'm following you are you talking about the model jury instructions for 18 for 1818 407 or 405 405 so there is the principal instruct or the principal instruction on the essential elements and that states a controlled substance and if and only if the jury returns a verdict that is a controlled substance then the first interrogatory relates to weight but does not articulate any additional controlled specific controlled substance which demonstrates an apprendi sentencing element which harmonizes a statute the second interrogatory would then in some limited circumstances say well if we're going to subject you to mandatory prison sentences we need to prove an additional element and that element would be the particular controlled substance in that particular case and that's how the the statutory framework works together in this case i've realized i'd like to let's stop this clock but can i ask you a question uh and i'm not eating into your rebuttal if we do peek at the record of conviction and i understand you don't want us to or argument that we don't need to but if we do how do we get by this uh the petition to enter a guilty plea when it specifically says the elements of the crime of possession of controlled substance are one two three four possessed material compound mixture or preparation that contain hydrocodone to answer the court's question how do you get past the rule 11 agreement the rule 11 agreement isn't an accurate recitation of the law the statute is and the jury instructions are a rule 11 agreement in different jurisdictions may or may not contain errors here the the rule 11 is sufficient and that it articulates as the element a controlled substance and there have been judges that have judge prior in gundy in the 11th circuit in a dissent made exactly that argument that math is a sentence that she put it more eloquently than i did you put it more eloquently than i did but basically is prosecutors make mistakes all the time and that the the the upshot is at a record of be sufficiently clear uh to show that a particular uh alternative is in fact an element but if the majority of the supreme court in math is said and said could that you peek at the record of conviction and it could show that something is an element if this isn't enough we really wouldn't we have to go as far as you're saying or just prior in the in gundy to say that was just theoretical supreme court it really can the record of conviction because it is only unilaterally done by a prosecutor and a defendant a rule 11 agreement can never ever show that some an alternative is in fact an element i would agree i don't think the rule 11 agreement in any way is instructed to the court as an authoritative source of state law or to clarify an authoritative source of state law we have the statute and the rule 11 here would directly contradict both the statute and at least six to seven different jury instructions promulgated by the colorado supreme court but that would make us the three of us say you know we're not on the supreme court uh supreme court uh you didn't know what you were talking about well i think that i wouldn't i wouldn't allege that to the supreme court but uh but what i would but what i would say is two quick points the the this is an interesting point the court raises in hamilton the court did find that charging documents often allege facts that are not elements in rule 11 agreements it will often allege facts that are not elements the defendant has no reason to contest that they've admitted the essential elements of the crime they're subject to the same sentencing penalties based on the statute itself there's no reason no incentive no motive no legal justification to to battle that i think the other uh and heman has also explained that too that charging documents allege the elements that are essential and oftentimes enough facts or extraneous facts that aren't required for conviction and i think that is where the the tension would lie and also even the peak would would would create major tension between the the model jury instructions which are an authoritative source and the statute and at the very least that wouldn't satisfy mathesis demands for certainty i mean your ultimate position though is that you never you never take a peak because unless you can't decide it on on the other factors then the peak doesn't you know you never reach the peak that would be our position would be that ariano did accurately decide this case but looking to the plain language of the statute the statute means what it says and that as a result um a controlled substance is the element and whatever is used to prove that is the means to prove that element and that would fit directly in line with ariano decision it would align the statute with both the essential statutory elements articulated by the legislature and the apprentice sentencing aggravators that that ariano recognized simply related to schedule may i reserve the rest of my time oh you sure can uh judgment k did you have any questions no i don't think so you've asked all that i had okay thanks judge thank you i want to start with the question about the peak while it's fresh on my mind because i'll probably forget otherwise so assume that we disagree with you on the on the end and we agree with your opponent on the text argument do we ever take a peak yes your honor and uh i'd like to introduce myself for the record good idea kosei yugimori for the united states attorney general may it please the court and uh the answer is uh yes we still would get to the peak documents your honor because as uh the strongest indication of divisibility here is the government's 28j letter uh melton versus people decided by the colorado supreme court in 2019 there the defendant was found in possession of methamphetamine mixed with trace amounts of oxycodone and heroin and colorado convicted him of possessing three different uh for each of those controlled substances and divisibility a statute is divisible if the alternatives describe different crimes not alternative means of committing a single crime so melton versus people is a clear example supporting the government's understanding of colorado uh section 403.5 your honor or colorado's possession offense your honor and the uh the peak documents here is really the smoking well before you get to the peak documents i don't want to cut you off but i do have a question about what you just said has the colorado supreme court ever addressed whether or not there's a double jeopardy violation when a defendant is convicted of of two or more substances that would fall into this the rubric of a schedule one or schedule two substance i am not aware of any and it would be uh inconsistent with melton to find such case law your honor i recall that and that what i'm asking you is why does melton answer the question because the question is if you're convicted of say uh possessing uh uh hydrocodone and uh morpholine morpholine then you can be convicted of both crimes but that doesn't answer whether or not substance is an element of 1818 403.5 unless you have a statute unless you have a supreme court of colorado case saying that whether or not that's a double jeopardy violation well the supreme court are convicted all the time of duplicative charges i understand your honor and certainly melton is not dispositive of the means element question because it doesn't directly address that issue however it is a clear example of when somebody during a search incident to an arrest that on that one transaction is found to have methamphetamine mixed with only trace amounts of another schedule two drug because methamphetamine and oxycodone are both schedule two drugs and heroin which is a schedule one drug is charged separately on all three possession accounts is convicted for all three and is sentenced separately for all three possessions so that is as clear as indication as any that colorado treats a particular substance as an element rather than a means of committing a single type of crime and this is entirely consistent with the colorado supreme court's decision in abutin versus people versus abutin decided in 2005 there the statute at issue was the predecessor statute section 405 which criminalized the manufacture dispense distribution sale possession or possession with the intent to manufacture distribute dispense or sell a controlled substance and the colorado supreme court said that those acts the manufacturing and the distribution and the selling that described successive stages of a single crime and so that's consistent with those acts being means however in the course of so saying the colorado supreme court also said that the gravamen of the statute was the prevention of uh drug crimes of a particular quantum of a particular type of substance and that is uh born in melton as an example of uh the understanding uh that the substance is an element rather than a means and the statute is not contrary to that either your honor it does not speak plainly as to the means or elements if anything the fact that the statute criminalizes the unlawful possession of a controlled substance is entirely consistent with how melton turned out where somebody is in possession of three separate uh controlled substances and is convicted and sentenced separately on each of those substances yeah so that's distinguishable i mean there there's a nuance here though and that is the case where you have a substance that is not a mixture it's a single substance but presumably the government doesn't prove exactly what it is it proves that it's one thing or another both a controlled substance but it doesn't prove exactly what it is that's a fair point your honor and again the government is not saying that melton is dispositive but it is a clear example of when somebody has a mixture of a substance and only trace amounts of other substances in the same schedule that is separated apart and the defendant is convicted of all three possession offenses and again the smoking gun here are the conviction documents because the conviction documents at ar 244 first define what an element is it says an element is something the prosecutor has to prove beyond the reasonable depth so there is no dispute as to what element means in the plea agreement okay let me stop you there for a second so let let's say that a prosecutor goes to trial and it's able to prove going back to my hypothetical that the drug is either cocaine or methamphetamine but for whatever reason they can't tell which do you have a conviction no your honor because it is an element they are separate offenses and that is exactly why in melton they were charged separately and why is mr paria in prison well people versus paria people versus paria had to do with the mens rea of whether the defendant knew the controlled substance was a particular rata the benz rea requires to every element of the offense and when the colorado uh court of appeals said that the defendant uh didn't know he knew he had a baggie and he knew that it had some sort of drug in it and it was as i understand it undisputed that he didn't know which drug it was but he knew that it was a drug and the colorado court of appeals said well uh there was no need to prove that he knew what uh what drug it was well if the mens rea applied to every element of the offense including the actus reus of possessing a controlled substance then how does your interpretation of melton reconcile with the reality of people versus paria well first the fact that the mens rea does not apply to the particular substance doesn't mean the prosecutor doesn't have to prove that that substance existed and melton is proof that he had to prove that it was a knowing violation of the actus reus which is possession of a controlled substance but knowingly possessed a controlled i understand your honor but in paria the colorado supreme court looked to federal law as an example or an analog of how prosecutions occur and as your honors are aware under federal law uh there is not a requirement of a particular knowledge as to the substance and yet perhaps an analogous prosecution under 841a under the controlled substance act this court is is held uh that uh when there's a multiple multiple possessions of a substance under federal law that um each substance is an element of the crime they're separate offenses and so that's entirely consistent with paria and it's consistent with the government's position and its understanding based on the clear example given in melton uh versus people by the colorado supreme court and and i and i'd like to note here as well that melton was not available at the time ariana was decided and ariana certainly could have been decided differently had this clear example been at hand at the time and returning to uh conviction documents so the um the conviction document specifically states on page 244 it first defines what an element is something that prosecution has to prove beyond the reasonable doubt and at the bottom of page 244 to the top of page 245 it then says these are the elements of the offense and it provides five number bullet points below that and number four is hydrocodone so what if what if what if what uh what if you look at uh the record uh of conviction documents the shepherd documents and there are proposed jury instructions from the prosecutor and the defendant um would those be appropriate to look to to peek at those documents that that document the proposed jury instructions to ascertain whether something something is an element uh it's not entirely clear uh i believe the supreme court said the indictment and the jury instructions that is jury instructions that were actually submitted yeah and it probably wouldn't even make it like a sense would it because it's just you know lawyer it's just lawyers you know a lawyer submits something and says well this is what i say the elements are right and nobody really cares until the judge approves it right i i respectfully disagree i believe uh prosecutor would care uh that it was following would care but you know i don't know that any that you would argue that we're supposed to ascertain what colorado law is based on what the district attorneys in colorado think the law is no your honor this is all this is this position error guilty plea is what the prosecutor in this very case and the defendant thought the elements of a 1818 403.5 crime is it was signed with these uh under supervision of the court your honor so the judge uh the judge uh the district judge in the case said everything in this document is true well it had to be accepted your honor once they agreed it the court has to guilty plea yes your honor right didn't accept the contents of of this prosecutor's identification of the elements uh i'm actually not sure on that point however the the government's position here is not that any one thing is this positive and certainly as your honor mentioned the supreme court said even when state law is uncertain conviction documents could clarify whatever uncertainty that remains and we're giving you the benefit of the doubt saying okay we're now peaking right we're saying this the bottle jury instructions are conclusive beret is not conclusive whitaker's not conclusive so we're now now peaking and so now you have to show that not peaking at page 404 is so clear that this is a definitive recitation of what the elements in colorado law are so we can know with certainty that the possession of hydrocodone is is an element of a 403.5 prime based on what this da thought it was i mean you have to show now before peaking you have to show that it's clear right well the the point is your honor again the supreme court said you could look at the conviction documents and what we have here are very convincing conviction documents but not only do we have convincing conviction documents but we have a clear example from the colorado supreme court so this is not a case where the state law is so uncertain and we can only rely on the peak documents we have very strong peak documents and we also have state law providing a clear example supporting the government's position that under colorado law the particular substance is treated as an element and not a means of committing a single crime and that's the government's position your honor and that position is consistent with the statutory text and it also is consistent with the overall scheme of colorado's drug laws which places an importance on the identity of the substance in affecting how the prosecution prosecutes how the defense defends and how sentences happen so considering all of that together there is certainty here your honor and recall that the supreme court has said between the state law and the conviction documents it should be the exception and not the rule that the court should remain uncertain about whether a state uh element is a is a means or an element your honor let's talk about our ariano case for a minute we're putting aside the fact that it's an unpublished decision where where does that case stand today in your mind uh well ariano was decided before melton uh and it also does not apply the full mathis analysis it only looks at the statutory text it doesn't really grapple with what abutin said about the gravamen of colorado's drug laws it doesn't look particularly it doesn't look at all well that i mean that that's impeaching the analysis of it i guess my question is different so if if this was a published case where would you be if ariana was a published case where would you be well uh under united states versus tittle uh which this court issued in 2017 this court has said that uh analysis must be essential to the holding in order for it to bind a future panel and in ariano the analysis was not binding because what it concluded was at a higher abstract level it said the schedules are divisible so there was no necessity to that the particular substances were divisible okay so you're you've got a dicta argument basically that that wasn't necessary to the disposition so we shouldn't we don't we're not bound by it even if it was published well with with respect to that um with respect to the panel your honor right um but more than that your honor that's just uh that is true it it should not be binding but again ariano was decided before melton and that panel really didn't have that example of colorado actually upholding uh possession of mixed substances with only trace amounts of the same scheduled drug being prosecuted separately convicted separately and sentenced separately okay but if i remember your argument about melton it was that it's not dispositive but that it that it's more helpful it is a clear example your honor it's not dispositive because it doesn't address the issue particularly about means and elements the petitioner here was granted cancellation of removal in 2011 so he's already had a second chance your honor he's asking for a third chance and the law simply does not allow it and the petition for review should be denied judge mckay do you have any questions no i've learned that if i wait long enough the two of you will ask all that i had all right thank you thank you very much your honor um we'll hear from the appellate thank you um melton v people speaks nothing about elements um the board the immigration judge and the board of immigration appeals correctly concluded there's no state case law post mathis that clarifies that question council concedes uh in his argument as written argument as as he should that the state case law doesn't speak clearly on that issue melton v people doesn't raise an elemental challenge at the trial court appellate or supreme court level it's a it's a habitual criminal sentencing case related to proportionality review so it's never presented to the court it's not relevant it's not dispositive and it certainly doesn't clarify with certainty so the case law that the government presents is not relevant what we have here i think the argument the government makes is to rush to the rule to rush to the record to try to convince this court that somehow the text of the statute doesn't say exactly what it means uh and that the jurisdictions don't say exactly what they mean and the statutory framework doesn't say exactly what it means but it does we do have in the record as it relates to this question about rule 11's example rule 11 i believe it's page 91 in the record and that contains a different set of elements than the elemental that mr johnson submitted and it's in a different jurisdiction and in that one it says the essential element is a schedule to a controlled substance that's important because if we're looking at the record of conviction that's a clear indication that in two separate courts in two separate rule 11 agreements with the same type of drug or controlled substance issue the rule 11 isn't clear about what the essential element is mathis didn't let us look at the record of conviction of other defendants does it um it didn't your honor but that's an example in terms of for the court to look at in the record comparing it to the clarity of well if let's say i agree with you i think you make the point the argument very very well you know i can't look at documents that the supreme court has told us not to look at i think here to go back to this court's analysis in charging documents charging documents and rule 11 documents are very much the same they serve the basic elemental purposes and if they're defective there's a problem but if they include extra information or they have errors that aren't specifically related to the elements that isn't a problem that's a situation in this case at the at the at the record of conviction the record of conviction clearly conflicts and contradicts the statute the jury instructions the colorado supreme court i think at the end of the day it's interesting because the argument advanced by the prosecution essentially boils down to a great defense argument if the specific controlled substance doesn't fit you must acquit and that doesn't make sense from the perspective of the statute or the jury instructions and the seventh circuit explained this best when it said if federal courts interpret state law incorrectly by finding that state laws include essential elements that state courts have not treated as such we could mistakenly cast doubt on the much higher volume of state criminal prosecutions under those state statutes mathis's demands for certainty are not met here the statute speaks clearly the statute is indivisible thank you no judge mckay do you have any questions for the appellant no not not today okay thank you very much